NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 7 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANGEL RODRIGO VELASCO-
BARRAGAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.  20-71176

Agency No. A206-548-409

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 8, 2022
Portland, Oregon

Before:  SCHROEDER and SUNG, Circuit Judges, and ANTOON,[**] District
Judge.

Angel Velasco-Barragan, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) decision affirming the

Immigration Judge's (IJ) denial of his application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

removal, protection under the Convention Against Torture (CAT), and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

"Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Aguilar Fermin v. Barr*, 958 F.3d 887, 891 (9th Cir. 2020) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)). "We review legal questions *de novo* and factual findings . . . for substantial evidence." *Mairena v. Barr*, 917 F.3d 1119, 1123 (9th Cir. 2019). "Under the substantial evidence standard, 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

1.     The agency correctly determined that Velasco-Barragan's asylum application was time-barred.[1] Generally, an applicant must show by clear and convincing evidence that his asylum application was filed within one year of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Velasco-Barragan filed his application on November 30, 2016—about sixteen years after entering this country. The agency may consider a late application where "changed

---

[1]     Contrary to the Government's assertion, the agency's untimeliness determination did not "rest[] on the IJ's resolution of an underlying factual dispute." *Sumolang v. Holder*, 723 F.3d 1080, 1082 (9th Cir. 2013). Accordingly, we have jurisdiction to review that determination. *Id.* at 1083.

circumstances . . . materially affect the applicant's eligibility for asylum." *Singh v. Holder*, 656 F.3d 1047, 1052 (9th Cir. 2011) (citing 8 U.S.C. § 1158(a)(2)(D) and 8 C.F.R. § 1208.4(a)(4)(i), (5)). However, that Velasco-Barragan's brothers were the victims of random violent crime in Mexico does not constitute such "changed circumstances." *See Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) (recognizing that a fear of "generalized violence" does not give rise to eligibility for asylum).

2.      Substantial evidence supports the agency's determination that Velasco-Barragan was ineligible for withholding of removal because he failed to establish a "clear probability" of persecution "because of" a protected ground. *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (first quoting *INS v. Stevic*, 467 U.S. 407, 430 (1984); and then quoting 8 U.S.C. § 1231(b)(3)).  Velasco-Barragan claimed membership in two particular social groups: (1) "long-term residents of the United States deported to Mexico" and (2) "immediate family members of [his brother] Doctor Rafael Velasco-Barragan." The agency correctly determined that Velasco-Barragan's first proposed social group lacked sufficient particularity to qualify as a protected ground for the same reasons discussed in *Delgado-Ortiz v. Holder*, 600 F.3d 1148 (9th Cir. 2010). In any event, Velasco-Barragan failed to establish that his membership in either social group would be "a reason" for the harm he feared in Mexico. *See Barajas-Romero v. Lynch*, 846 F.3d

3

351, 360 (9th Cir. 2017). He thus failed to demonstrate any nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (noting that an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

3.　　Substantial evidence also supports the agency's denial of CAT protection. While Velasco-Barragan did present evidence of increasing violence in Mexico—including against deportees from the United States—he failed to establish that it is "more likely than not" that he will be tortured upon his return. *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (quoting 8 C.F.R. § 1208.16(c)(2)).

4.　　Finally, while this Court "lack[s] jurisdiction to review the [agency]'s subjective, discretionary determination that [Velasco-Barragan] did not demonstrate 'exceptional and extremely unusual hardship'" as required for cancellation of removal, *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (quoting 8 U.S.C. § 1229b(b)(1)(D)), we retain jurisdiction to review "constitutional claims or questions of law" related to that determination, 8 U.S.C. § 1252(a)(2)(D). None of Velasco-Barragan's legal challenges requires us to grant his petition. The record indicates that Velasco-Barragan received a full and fair hearing before the IJ. Contrary to Velasco-Barragan's assertions, the IJ did not limit relevant, non-cumulative testimony during the proceeding, and she expressly

4

considered all relevant evidence in making her hardship determination. While the IJ did share some concerns about the emotional toll that testifying would take on Velasco-Barragan's young son, she was clear that the decision on whom to call remained with Velasco-Barragan and his lawyer. Velasco-Barragan's due process claim is thus without merit. *See Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) ("A court will grant a petition on due process grounds only if the proceeding was 'so fundamentally unfair that the [applicant] was prevented from reasonably presenting his case.'" (quoting *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006))).

**PETITION DENIED.**